IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IYANNAH JAYLIN EVANS,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 23-781** |
| | : | |
| **T-MOBILE FINANCIAL** | : | |
| **SERVICES, LLC.,** | : | |
| Defendant. | : | |

# MEMORANDUM

**MURPHY, J.**                                                                                                                                  **May 9, 2023**

Plaintiff Iyannah Jaylin Evans, proceeding *pro se*, brings this action against T-Mobile Financial Services, LLC. ("T-Mobile"). The Court understands Ms. Evans to assert claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). (DI 2.) Ms. Evans also seeks leave to proceed *in forma pauperis*. (DI 5.) For the following reasons, the Court will grant Ms. Evans leave to proceed *in forma pauperis* and dismiss her Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ms. Evans will be given an opportunity to file an amended complaint.

**I.  FACTUAL ALLEGATIONS**[1]

The allegations in Ms. Evans's Complaint are conclusory and not particularly clear. Ms. Evans describes a dispute with T-Mobile over her phone service that occurred on the afternoon of August 2, 2022 at the T-Mobile store located at 1600 N. Broad Street, Philadelphia, Pennsylvania. (Compl. at 5.) Ms. Evans alleges that she is a "consumer . . . who engaged in a consumer credit transaction with T-Mobile Financial Services LLC for personal, family,

---

[1] The facts set forth in this Memorandum are taken from Ms. Evans's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

household purposes" and that T-Mobile "failed to inform [her] of their obligations under the law." (*Id*.) Ms. Evans contends that T-Mobile "used abusive and deceptive debt collection practices to collect and attempt to collect alleged debts from [her] without proof of claims." (*Id*.) Ms. Evans states that she "served [T-Mobile] with a cease and desist and requested validation for this alleged debt and they have violated the cease and desist and failed to validate the alleged debt." (*Id*.)

Ms. Evans alleges that as a result of T-Mobile's conduct her telephone services were suspended, forcing her to "receive services from another telephone service." (*Id*. at 6.) Ms. Evans seeks to "have all lines restored indefinitely and a full refund of all money paid on the account." (*Id*.) She seeks $42,816.71 in compensation for "repeated violations and damages sustained." (*Id*.)

## II.     STANDARD OF REVIEW

The Court will grant Ms. Evans leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Ms. Evans's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Ms. Evans is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

## III.   DISCUSSION

Ms. Evans does not specify in her Complaint the basis for the Court's jurisdiction or what statute she relies upon in asserting claims against T-Mobile. However, she indicates on the Civil Cover Sheet submitted with her Complaint that the basis of jurisdiction is "Federal Question," and that the nature of her action is "Consumer Credit (15 USC § 1681 or § 1692)." (DI 2 at 1.) Further, her claims are based on T-Mobile's efforts to collect an alleged "debt" from her. Accordingly, the Court construes the Complaint as raising FDCPA claims.

The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors."). To state a claim under the FDCPA, a plaintiff must establish that "(1) she is a

consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App' x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss" ).

      Ms. Evans claims that T-Mobile "used abusive and deceptive debt collection practices to collect and attempt to collect alleged debts from [her] without proof of claims." (Compl. at 5.) Assuming for purposes of statutory screening that Ms. Evans is a consumer and that there is a valid debt in question, it is not clear from the Complaint that T-Mobile is a "debt collector" as defined by the statute nor does Ms. Evans specify what provision of the FDCPA that T-Mobile violated.  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added).  This statutory language focuses "on third party collection agents working for a debt owner— not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83  (2017); *see Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) ("Specifically excluded from the definition's reach are . . . a creditor's officers and employees collecting debts for the creditor, a company collecting debts only for its non-debt-collector sister company, an entity collecting a debt it originated, and one collecting a debt it obtained that was

not in default at the time of purchase."). In contrast, "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* § 1692a(4). Because Ms. Evans has failed to allege facts from which it could be inferred that T-Mobile acted as a debt collector, the FDCPA claim is dismissed without prejudice.[2] *See Guyton v. PECO*, No. 18-2547, 2018 WL 10016428, at *1 (E.D. Pa. Aug. 24, 2018), *aff'd*, 770 F. App'x 623 (3d Cir. 2019) (*per curiam*) ("Plaintiff owed the relevant 'debt' (her utility bill) to PECO, as the creditor for services rendered to her. PECO thus is not a debt collector under the FDCPA." ); *Watts v. Enhanced Recovery Corp.*, No. 10- 02606, 2011 WL 175922, at *5 (N.D. Cal. Jan. 18, 2011) ("Because Plaintiff has not alleged that T–Mobile is [in] the business of collecting debts or has used a name other than its own in collecting its own debts, the FAC does not state a claim against T–Mobile under the federal FDCPA."). Furthermore, since private litigants are limited to a damages remedy under the FDCPA, there is no legal basis for the Court to grant Ms. Evans the injunctive relief she seeks. *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *see also Franklin v. GMAC Mortg.*, 523 F. App'x 172, 173 (3d Cir. 2013) ("Franklin is not entitled to injunctive relief under the FDCPA.").

---

[2] The Complaint also does not make clear how T-Mobile allegedly violated the FDCPA. Ms. Evans offers only bare, conclusory allegations, for example that T-Mobile "used abusive and deceptive" practices without describing what practices were used and how those practices allegedly violated the statute. (*See* Compl. at 5.) As such, Ms. Evans has failed to allege facts that clearly demonstrate that T-Mobile has violated any provision of the FDCPA. Ms. Evans should include in any amended pleading citations to the specific statutory provisions within the FDCPA that apply to her claims against T-Mobile to the best of her ability.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Ms. Evans leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Ms. Evans an opportunity to file an amended complaint to "flesh out [her] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for any FDCPA claims against T-Mobile, and should not simply copy statutory language. An appropriate Order follows, which provides further instruction as to amendment.